UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS B. FOSTER,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD COLEMAN,<br><br>        Defendant. | Case No. 1:24-cv-00813-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 9)<br><br>**FOURTEEN-DAY DEADLINE** |

      Plaintiff Jonas B. Foster ("Plaintiff"), a jail inmate proceeding *pro se* and *in forma pauperis*, initiated this civil action on July 15, 2024. (Doc. 1.) On August 5, 2024, the Court screened Plaintiff's complaint and granted him leave to amend to establish this Court's jurisdiction. (Doc. 8.) Plaintiff's first amended complaint, filed on August 15, 2024, is currently before the Court for screening. (Doc. 9.)

      **I.**    **Screening Requirement and Standard**

      The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff is currently housed at the Bob Wiley Detention Facility in Visalia, California. He names Richard Coleman, the alleged owner of a tattoo shop, Mooney Ink, as the sole defendant. (Doc. 9 at 1-2.)

Plaintiff believes that he has been wronged by Defendant Coleman. In relevant part, Plaintiff alleges that on or about February 11, 2024, during a private sale at Defendant Coleman's home in Visalia, California, Plaintiff purchased a 2008 BMW 330I for $2,200.00. It was a cash sale. Defendant Coleman and Plaintiff allegedly agreed to the bill of sale, which was handwritten and signed by both parties and a witness.

At the time of the sale, Defendant Coleman advised Plaintiff that he had an issue with the registration. Defendant Coleman claimed the issue was minor and could be handled with the DMV. During the sale, Plaintiff was made aware of the vehicle being "out of tag" and needing some mechanical work. Both parties agreed to arrange a day to go the DMV.

On or about February 17, 2024, while the vehicle was at "Pep Boys," an auto repair shop, Plaintiff was arrested by the Visalia Police Department due to factors unrelated to this case.

(Doc. 9 at 2.) Since the vehicle had yet to be registered in Plaintiff's name, it was towed by Rapid Towing.

On or about February 20, 2024, Defendant Coleman, without permission from Plaintiff, went to the tow yard and got the car. This is where Plaintiff feels that his ownership rights were violated. Plaintiff contends that Defendant Coleman is taking advantage of Plaintiff's situation because Defendant Coleman has since tried to sell the vehicle again. Plaintiff further alleges that he has the means to pay for the car to be released by the tow yard and has a place to store it while dealing with his legal situation.

As relief, Plaintiff asks that the Court hold Defendant Coleman accountable for his actions by returning the vehicle, in some working condition, and paying for the Plaintiff's filing fee. Alternatively, Plaintiff requests that the Court order Defendant Coleman to return his out-of-pocket expenses of $2,200.00, plus the Court filing fee.

**III.     Discussion**

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. As pled, the amended complaint fails to allege this Court's subject matter jurisdiction.

**1.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff's amended complaint does not establish diversity jurisdiction. First, Plaintiff

3

does not allege that the parties' citizenship is completely diverse. According to the amended complaint, Plaintiff is located in Visalia, California, and Defendant Coleman resides in Visalia, California. (Doc. 9 at 1-2.) Second, Plaintiff does not allege that the amount in controversy exceeds the sum or value of $75,000. Instead, Plaintiff only seeks payment of the filing fee in this action, along with the cost of the car in the amount of $2,200.00. (*Id.* at 2-3.) Thus, Plaintiff's amended complaint does not establish diversity jurisdiction.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of the United States. He does not cite any particular federal statute or constitutional provision that would be applicable to the allegations in his amended complaint. Plaintiff's amended complaint instead appears to raise claims arising under state law. Thus, Plaintiff's amended complaint does not establish federal question jurisdiction.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to establish this Court's jurisdiction. Despite being provided with the relevant legal standard, Plaintiff has been unable to cure this deficiency. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 16, 2024**              /s/ Barbara A. McAuliffe
                                                                  UNITED STATES MAGISTRATE JUDGE