UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS B. FOSTER,<br><br>            Plaintiff,<br><br>     v.<br><br>RICHARD COLEMAN,<br><br>            Defendant. | Case No.  1:24-cv-00813-KES-BAM (PC)<br><br>**ORDER REGARDING PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL AND DENYING REQUEST TO WAIVE FILING FEE**<br><br>(Doc. 12) |

Plaintiff Jonas B. Foster ("Plaintiff") is a jail inmate proceeding *pro se* and *in forma pauperis* in the instant action against Defendant Richard Coleman.  (Docs. 1, 9.)  On August 16, 2024, the undersigned issued Findings and Recommendations to dismiss this action without prejudice for lack of jurisdiction.  (Doc. 11.)  The Findings and Recommendations remain pending.

On August 16, 2024, Plaintiff filed the instant request asking the Court to "dismiss his case due to lack of jurisdiction."  (Doc. 12 at 1.)  Plaintiff also requests that the Court waive the filing fee based on his belief that this was the proper court for filing.  (*Id.*)

The Court construes the request that the action be dismissed as a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Under Rule 41(a)(1)(A)(i), "a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment*."  Commercial Space Mgmt. Co., Inc. v. Boeing*

1

*Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (quotation and citation omitted). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Id.* at 1078. No defendant has been served in this action and no defendant has filed an answer or motion for summary judgment.

Accordingly, this action is terminated by operation of law without further order from the Court. Fed. R. Civ. P. 41(a)(1)(A)(i). The Clerk of the Court is DIRECTED to terminate all pending matters and deadlines and CLOSE THIS CASE.

Insofar as Plaintiff seeks relief from the filing fee in this action, his request will be denied. Earlier in this case, the Court granted Plaintiff's motion to proceed in forma pauperis. (Doc. 7.) It was explained to Plaintiff that he was obligated to pay the statutory filing fee of $350.00 for this action, in monthly payments of twenty percent of the preceding month's income credited to his trust account. (*Id.* at 1.) The Warden/Sheriff of the Bob Wiley Detention Facility or his/her designee was ordered to send to the Clerk of the court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. (*Id.* at 2 (citing 28 U.S. § 1915(b)(2))). The entire $350.00 filing fee is statutorily required, and must be collected from Plaintiff's institutional account regardless of the outcome of this action and even if Plaintiff elects to dismiss this action. *See*, *e.g*., *Myers v. Pulido*, No. 1:16-cv-00638-SAB-PC, 2016 WL 6723937, at *1 (E.D. Cal. Nov. 14, 2016). As a result, Plaintiff's request to be relieved of the obligation to pay this fee is DENIED.

IT IS SO ORDERED.

Dated: **September 4, 2024**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE